**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES PAUL FINNECY | : | |
| | : | |
| Appellant | : | No. 998 WDA 2018 |

Appeal from the PCRA Order Entered June 19, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000498-2013,
CP-61-CR-0000688-2009

BEFORE:   PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                                    **FILED APRIL 17, 2019**

Appellant James Paul Finnecy appeals *pro se* from the order denying his

first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-

9546.  Appellant claims that the PCRA court committed an error of law when

it determined that he is ineligible for the Recidivism Risk Reduction Incentive[1]

(RRRI) program.  We affirm.

The relevant facts of this case were summarized as follows:

> Appellant was initially sentenced on January 22, 2010, to a
> maximum of two years' incarceration for counts of unauthorized
> use of a motor vehicle and theft by unlawful taking, as well as two
> consecutive terms of 18 months' probation for escape, resisting

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 61 Pa.C.S. §§ 4501-4512.

arrest, [10 counts of] forgery, and identity theft.[2]  Upon concluding his term of incarceration on October 26, 2011, Appellant was placed on Venango County Probation.  He was assigned to an officer on October 30, 2011, with a maximum date of supervision of October 26, 2014.  The next several months saw multiple probation violations and failed attempts at treatment for Appellant's recurring drug use, all supervised by the trial court.  In response to his penultimate violation, the trial court revoked Appellant's probation and sentenced him to twelve to twenty-four months' incarceration in the Venango County Jail.  His subsequent conduct was summarized by the trial court as follows.

> On April 10, 2014, Appellant was released from Venango County Prison and paroled to the Oxford House located at 1417 Chestnut Street, Franklin, PA.  Thereafter, Appellant began his drug and alcohol treatment with Venango County Substance Abuse program.  Appellant also held employment for a short period of time at Venango County Steel.  On May 30, 2014, a Special Field Report was prepared for Venango County Court requesting a bench warrant to declare Appellant an absconder.  On June 4, 2014, a bench warrant was issued by Venango County Court.  Constable Craig Westover and the Oil City Police Department arrested Appellant on July 6, 2014.

> On July 18, 2014, the Commonwealth filed a petition to revoke Appellant's probation/parole.  On August 28, 2014, Appellant appeared at a hearing to determine whether his probation should be revoked.  Appellant was represented by counsel . . . .  With the advice of counsel in open court, Appellant waived *Gagnon I*[3] and proceeded to *Gagnon II*.  At *Gagnon II*, Appellant admitted that while on parole and probation status, he changed his residence, failed to report, violated curfew, used crack cocaine, associated with drug users or dealers, and consumed alcohol.  As these were

---

[2] The charges for unauthorized use of a motor vehicle and theft appear at docket number 597-2009.  The charges for escape and resisting arrest appear at docket number 599-2009.  The charges for forgery and identity theft appear at docket number 688-2009.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

> material violations of the conditions of parole and probation, parole and probation were revoked. Appellant appeared for resentencing on October 7, 2014, and was sentenced to 12½ years to 25 years in a state institution of the Department of Corrections.[4] The trial court determined at sentencing that Appellant was not RRRI eligible.

*Commonwealth v. Finnecy*, 135 A.3d 1028, 1029-30 (Pa. Super. 2016), *appeal denied*, 159 A.3d 935 (Pa. 2016) (citation and brackets omitted).

This Court affirmed the judgment of sentence on February 18, 2016. Significantly, this Court's opinion held: "Appellant's prior conviction for resisting arrest demonstrates 'a history of present or past violent behavior' for the purposes of determining RRRI eligibility." *Finnecy*, 135 A.3d at 1037. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on October 19, 2016.

Appellant timely filed his first *pro se* PCRA petition on March 9, 2017. Appellant raised multiple allegations of ineffectiveness related to all prior counsels' assistance with Appellant's RRRI eligibility claims. The PCRA court appointed new counsel, who filed a *Turner*/*Finley*[5] letter and motion to withdraw on September 28, 2017. On October 11, 2017, the court permitted

---

[4] At docket number 688-2009, the court imposed consecutive sentences of one to two years' imprisonment for each of the ten counts of forgery. The court also imposed a consecutive term of two and one-half to five years' imprisonment for identity theft. At docket number 498-2013, the court sentenced Appellant to two and one-half to five years' imprisonment for identity theft, running consecutive to the forgery sentences and concurrent with the other identify theft sentence.

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant subsequently filed *pro se* responses to the **Turner**/**Finley** letter and Rule 907 notice.

On November 27, 2017, Appellant filed a *pro se* motion for leave to file an addendum to his PCRA petition. Specifically, Appellant sought to raise a new issue, arguing that the trial court imposed an illegal sentence by failing to make him eligible for the RRRI program. In support of his argument, Appellant asserted that he had recently discovered the Pennsylvania Supreme Court's decision in **Commonwealth v. Cullen-Doyle**, 164 A.3d 1239 (Pa. 2017), which he characterized as a pivotal new case related to RRRI eligibility.

On December 21, 2017, the PCRA court scheduled a hearing on Appellant's motion for leave to file an addendum to his PCRA petition. New, privately retained counsel entered his appearance on Appellant's behalf on January 24, 2018. On February 16, 2018, the court conducted an evidentiary hearing. The court denied PCRA relief by order and opinion entered on June 19, 2018. The court addressed the argument raised in the addendum to Appellant's PCRA petition, concluding that the holding in **Cullen-Doyle** did not apply to Appellant's case.

On July 5, 2018, Appellant filed a *pro se* notice of appeal.[6] Also on July 5, 2018, private counsel filed a motion to withdraw his appearance, indicating

_____

[6] **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), specifies that a litigant must file separate notices of appeal when an order disposes of issues

that Appellant hired him for the sole purpose of providing representation at the PCRA hearing. The PCRA court permitted private counsel to withdraw on July 6, 2018. On July 20, 2018, the court conducted a hearing and determined that Appellant made a knowing, intelligent, and voluntary decision to proceed *pro se* on appeal. **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court filed a responsive opinion, relying on the rationale set forth in its June 19, 2018 order and opinion.

Appellant raises three issues for our review:

> 1: Whether the PCRA court erred as a matter of law when it determined [Appellant] is not eligible for RRRI because of his sole conviction of misdemeanor resisting arrest, defying or misinterpreting the PA Supreme Court's ruling in **Commonwealth v. Cullen-Doyle** . . ., which held that a single conviction for a non-enumerated violent offense does not render the offender RRRI-ineligible due to the ambiguity of the word "history" and that any ambiguity surrounding the term should be resolved in favor of those seeking admission into the program.

> 2: Whether the PCRA court erred as a matter of law when it determined [Appellant] remains ineligible for RRRI because of a **single, past conviction** of resisting arrest, in contrast with the Superior Court's rulings in both **Commonwealth v. Irvin**, [432 MDA 2017 (Pa. Super. filed Dec. 14, 2017) (unpublished mem.)] and **Commonwealth v. Haynick**, [511 MDA 2017 (Pa. Super. filed Dec. 14, 2017) (unpublished mem.)], holding that a single **past or present** conviction for a non-enumerated violent offense does not render a defendant RRRI ineligible.

at more than one trial court docket. Although Appellant's notice of appeal lists two trial court docket numbers, he notes that his appeal constitutes a challenge to the sentence imposed at only one of those dockets. Appellant's Brief at ix. Therefore, we need not quash the appeal based on **Walker**.

- 5 -

3: Whether PCRA counsel was ineffective for failing to invoke critical case law . . . which supports [Appellant's] position that he is, in fact, eligible for RRRI status.

Appellant's Brief at vi-vii (full capitalization omitted) (emphasis in original).

Appellant's first two issues are related, and we address them together. Appellant relies on the holding in **Cullen-Doyle** "that a defendant's single, present conviction does not render the defendant ineligible for the RRRI program . . . ." **Id.** at 4. Citing unpublished memorandums,[7] Appellant claims "the adjudication in **Cullen-Doyle** for a singular **present** violent conviction not listed in the RRRI statute extends to cases involving a singular **past** violent conviction not listed in the RRRI statute." **Id.** (emphasis added). Appellant maintains that, "for purposes of RRRI, Cullen-Doyle's single burglary conviction and [Appellant's] single resisting arrest conviction are identical," and the PCRA court erred by distinguishing Appellant's case. **Id.** at 3.

Appellant acknowledges that the PCRA court denied relief by relying on this Court's opinion from Appellant's direct appeal. **Id.** at 6. Appellant insists, however, that this Court's holding was limited to a determination of "whether resisting arrest should be construed as a 'crime of violence' in the first place." **Id.** Even if his resisting arrest conviction is properly characterized as a crime

_____

[7] As noted by the Commonwealth, this Court and the parties cannot rely upon or cite to unpublished memorandums. Commonwealth's Brief at 13-14 (citing 210 Pa. Code § 65.37). In his reply brief, Appellant concedes that the citations in his brief violate Section 65.37. Appellant's Reply Brief at 6. Accordingly, we do not rely on these unpublished memorandums while considering Appellant's claims. We note, however, that Pennsylvania Rule of Appellate Procedure 126 will be amended, effective May 1, 2019, to allow citation to unpublished memorandums filed after that date for their persuasive value.

of violence, Appellant contends this lone conviction is not enough to render him ineligible for the RRRI program. *Id.* at 7.

Our review of the dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (quotation marks and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We review the PCRA court's legal conclusions *de novo*. *See Miller*, 102 A.3d at 992.

"[A] defendant's challenge relative to the failure to apply a RRRI minimum [is] a non-waivable illegal sentencing claim." *Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014) (citation omitted). "The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. A court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (citations, quotation marks, and brackets omitted).

"The RRRI Act permits offenders who exhibit good behavior and who complete rehabilitative programs in prison to be eligible for reduced sentences." *Commonwealth v. Hansley*, 47 A.3d 1180, 1186 (Pa. 2012). The RRRI Act defines "eligible offender" in relevant part as follows:

### § 4503. Definitions

> The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:
>
> \*    \*    \*
>
> **"Eligible offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> > (1) Does not demonstrate a history of present or past violent behavior.

61 Pa.C.S. § 4503(1). A "prior conviction for resisting arrest demonstrates 'a history of present or past violent behavior' for the purposes of determining RRRI eligibility." *Finnecy*, 135 A.3d at 1037.

In *Cullen-Doyle*, the defendant pled guilty to several counts of conspiracy and one count of burglary. The defendant asked the trial court to sentence him under the RRRI Act, but the court found him ineligible. On appeal, this Court affirmed, concluding that the defendant "was ineligible for the RRRI program based solely on his present conviction for" burglary. *Cullen-Doyle*, 164 A.3d at 1241.

The Pennsylvania Supreme Court granted review to determine whether the defendant's single burglary conviction demonstrated a "history" of present or past violent behavior under Section 4503(1). *Id.* at 1240. The Court announced that it found "the salient aspect of the statute, referring to a 'history of present or past violent behavior,' . . . to be materially ambiguous, thereby implicating recourse to the rules of statutory construction." *Id.* at

1242 (citation and footnote omitted). In evaluating the legislative history of the RRRI Act, the Court explained that the RRRI program's stated purpose is to "encourage eligible offenders . . . to participate in . . . programs . . . that reduce the likelihood of recidivism." *Id.* (quoting 61 Pa.C.S. § 4504(b)). The Court acknowledged that a "commonly accepted corollary to the Act's express purpose of reducing recidivism is that first-time offenders are usually more amenable to reform than inmates who have persisted in criminal conduct." *Id.* (footnote omitted).

In light of the Act's purpose, the Supreme Court analyzed Section 4503(1) as follows:

> [U]se of the word "history" assumes greater significance because it evidences an intent to render ineligible individuals with "an established record or pattern" of violent behavior. Indeed, we believe this understanding engenders the most cogent and natural interpretation of the statute, since it permits a sentencing court to assess whether an offender has an established record or pattern of past or present violent behavior. As such, it can be fairly inferred that, in aiming to reduce recidivism, the Legislature sought to offer greater reform opportunities for first-time offenders than for repeat offenders.

*Id.* at 1243 (citation omitted). Therefore, the Court held that "the single, **present** conviction for a violent crime does not constitute a history of violent behavior." *Id.* at 1244 (citation omitted) (emphasis added).

Instantly, the PCRA court distinguished Appellant's case from *Cullen-Doyle* in two ways:

> 1. [Appellant's] conviction here was for a crime that was pled to, and sentenced for, years before his case at criminal docket number 498-2013 was even commenced; and 2. [Appellant's]

prior conviction was for resisting arrest, not burglary, a single conviction of which the Superior Court has previously found to meet the definition of present or past violent behavior.

PCRA Ct. Op., 6/19/18, at 7.

We agree with the PCRA court's determination that Appellant's prior conviction for resisting arrest demonstrates "a history of present or past violent behavior" that renders Appellant ineligible for the RRRI program. **See Finnecy**, 135 A.3d at 1037. Further, the record demonstrates that Appellant is not the type of "first-time offender" who the **Cullen-Doyle** Court identified as potentially eligible for the RRRI program. **See Cullen-Doyle**, 164 A.3d at 1243. In light of the applicable standard of review and relevant case law, the PCRA court's conclusions are free of legal error and Appellant is not entitled to relief on his first two claims. **See Miller**, 102 A.3d at 992.

In his third issue, Appellant contends that PCRA counsel was ineffective for failing to argue that Appellant qualified for the RRRI program pursuant to unpublished memorandums issued by this Court. However, this Court's unpublished memorandums are non-precedential decisions, and as stated above, the PCRA court properly concluded that **Cullen-Doyle** did not apply. Consequently, we cannot deem PCRA counsel ineffective for failing to pursue a meritless claim. **See Commonwealth v. Smith**, 167 A.3d 782, 788 (Pa. Super. 2017) (stating counsel cannot be found ineffective for failing to pursue a baseless or meritless claim).

Order affirmed.

- 10 -

President Judge Panella joins the memorandum.

Judge Strassburger files a dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/17/2019